ELECTRONICALLY FILED - 2024 Jun 10 2:24 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2024CP4500259

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF WILLIAMSBURG | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT |
| Eric A. Harbit, individually, and Eric A. Harbit as assignee of the rights of Charles E. Burgess Sr., Charles E. Burgess Jr. and Charles E. Burgess Jr., as Parent and Natural Guardian of A.B.,<br><br>       Plaintiff,<br><br>v.<br><br>Liberty Insurance Holdings, Inc.; Liberty Mutual Insurance Company; Safeco Corporation; Safeco Insurance Company of America; First National Insurance Company of America; Kingstree Insurance, Real Estate and Loan Co. d/b/a Welch Insurance; The Progressive Corporation; and Drive Insurance Holdings, Inc.,<br><br>       Defendants. | C.A. No. 2024-CP-<br><br><br><br>SUMMONS<br>(Jury Trial Demanded) |

**TO:   DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscribers at their office located at 321 East Bay Street, Post Office Box 22437, Charleston, South Carolina 29413, within thirty (30) days of the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will move for entry of Default Judgment and apply to the Court for the relief sought therein.

[*Signature Page Following*]



          **PIERCE, SLOAN, KENNEDY & EARLY, LLC**
          321 East Bay Street
          Post Office Box 22437
          Charleston, SC 29401
          (843) 722-7733

          *s/ Carl E. Pierce II*
          Carl E. Pierce, II (S.C. Bar No. 7946)
          Carl E. Pierce, III (S.C. Bar No. 104229)
          Breyton J. Briggs (S.C. Bar No. 106575)
          carlpierce@piercesloan.com
          treypierce@piercesloan.com
          breytonbriggs@piercesloan.com

          AND

          *s/Ronnie A. Sabb*
          Ronnie A. Sabb (S.C. Bar No. 9814)
          **Law Offices of Ronnie A. Sabb, LLC**
          108 West Main Street
          P.O. Box 88
          Kingstree, SC 29556

          *Attorneys for the Plaintiff*

June 10, 2024
Charleston, South Carolina

ELECTRONICALLY FILED - 2024 Jun 10 2:24 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2024CP4500259

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF WILLIAMSBURG | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT |
| Eric A. Harbit, individually, and Eric A. Harbit as assignee of the rights of Charles E. Burgess Sr., Charles E. Burgess Jr. and Charles E. Burgess Jr., as Parent and Natural Guardian of A.B., <br><br>    Plaintiff,<br><br>v.<br><br>Liberty Insurance Holdings, Inc.; Liberty Mutual Insurance Company; Safeco Corporation; Safeco Insurance Company of America; First National Insurance Company of America; Kingstree Insurance, Real Estate and Loan Co. d/b/a Welch Insurance; The Progressive Corporation; and Drive Insurance Holdings, Inc.,<br><br>    Defendants. | C.A. No. 2024-CP-<br><br><br><br>COMPLAINT<br>(Jury Trial Demanded) |

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of South Carolina.

2. Defendant Liberty Insurance Holdings, Inc. ("Liberty Insurance") is a Delaware Corporation and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. At all relevant times, Defendant Liberty Insurance transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

3. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts Insurance Company and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. At all relevant times, Defendant Liberty transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

1

4. Upon information and belief, Liberty Mutual is a wholly owned subsidiary of Liberty Insurance.

5. Defendant Safeco Corporation ("Safeco") is a Washington Corporation and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. At all relevant times, Defendant Safeco transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

6. Upon information and belief, Safeco is a wholly owned subsidiary of Liberty Mutual.

7. Defendant Safeco Insurance Company of America ("Safeco Insurance") is a New Hampshire Insurance Company and maintains its principal place of business at 100 Liberty Way, Dover, New Hampshire 03820. At all relevant times, Defendant Safeco Insurance transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

8. Upon information and belief, Safeco Insurance is a wholly owned subsidiary of Safeco.

9. Defendant First National Insurance Company of America ("First National") is a New Hampshire Insurance Company and maintains its principal place of business at 100 Liberty Way, Dover, New Hampshire 03820. At all relevant times, Defendant First National transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

10. Upon information and belief, First National is a wholly owned subsidiary of Safeco Insurance.

11. Defendant Kingstree Insurance, Real Estate and Loan Co. d/b/a Welch Insurance ("Welch") is a South Carolina Corporation authorized to conduct business, and in fact is operating

ELECTRONICALLY FILED - 2024 Jun 10 2:24 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2024CP4500259

in the State of South Carolina, maintaining its principal place of business in Williamsburg County, South Carolina.

12.  Defendant The Progressive Corporation ("Progressive") is an Ohio Corporation and maintains its principal place of business at 6300 Mills Rd. Mayfield Village, Ohio 44143. At all relevant times, Defendant Progressive transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

13.  Defendant Drive Insurance Holdings, Inc. ("Drive") is a Delaware Corporation and maintains its principal place of business at 6300 Mills Rd. Mayfield Village, Ohio 44143. At all relevant times, Defendant Progressive transacted, solicited, and conducted business in the State of South Carolina, including Williamsburg County.

14.  Upon information and belief, Drive is a wholly owned subsidiary of Progressive which operates to provide automobile insurance in the State of South Carolina, including Williamsburg County.

15.  This Court has jurisdiction over the Parties and the subject matter of this action.

16.  Venue in this Court is proper, as the acts, omissions, and occurrences giving rise to this action occurred in Williamsburg County, South Carolina.

**FACTS**

17.  On or about October 19, 2022, at approximately 1:50p.m., Plaintiff was a restrained driver of a commercial motor vehicle traveling west on SC 375 when he came to a stop and began to travel through the intersection of SC 375 and US 521 near Greeleyville, South Carolina.

18.  On that same date and at that same time, A.B. was operating a 2008 BMW VIN No. WBANU5398CT01341 traveling west on US 521 near Greeleyville, South Carolina.

19. At the intersection of SC 375 and US 521, A.B. disregarded an official traffic control device and failed to yield the right of way, striking the right side of Plaintiff's vehicle at a high rate of speed.

20. As a result of the collision, Plaintiff suffered significant injuries and property damage.

21. Defendants Liberty Insurance, Liberty Insurance, Safeco, Safeco Insurance, First National ("Liberty Defendants") and Welch sold to Charles Burgess Sr., accepting premiums of $1,484.60, an automobile insurance policy, covering three vehicles including the 2008 BMW that caused damages to Plaintiff.[1]

22. The automobile insurance policy was effective and provided coverage to Charles Burgess Sr., Charles Burgess Jr., and A.B. pursuant to the enforceable and legal terms thereof on October 19, 2022.

23. Following the collision, Plaintiff informed the Liberty Defendants of his injury claim as a result of the collision.

24. On October 27, 2022, the Liberty Defendants acknowledged notice of Plaintiff's claim in writing via correspondence to Plaintiff identifying the claims representative assigned to the claim.[2]

25. Despite multiple attempts to reach the Liberty Defendants regarding a potential resolution of his claim and getting his box truck back up and functioning, Plaintiff did not receive a response.

---

[1] Exhibit A Automobile Policy Declarations.
[2] Exhibit B October 27, 2022 SafeCo Correspondence.

4

26. As a result, Plaintiff retained counsel who sent the Liberty Defendants a letter of representation on November 18, 2022.[3]

27. Due to continuous inaction in resolving the dispute, Plaintiffs' counsel emailed the Liberty Defendants on January 11, 2023, to inform them that Plaintiffs' box truck was incurring charges at a local body shop and had extensive damage.[4]

28. Plaintiffs' counsel followed up with the Liberty Defendants on January 24, 2023 after the Liberty Defendants ignored Plaintiffs prior email.[5]

29. On that same day, the Liberty Defendants responded indicating that they had called some shops near where the box truck was being held and that those shops do not do work on box trucks, nonetheless, the Liberty Defendants requested the vehicles VIN.[6]

30. In the interest of working things out, Plaintiffs' counsel immediately responded, offering to send an appraiser out to the body shop to assess the damage.[7]

31. In response, the Liberty Defendants offered to forward the information to their appraisal team to "see what further steps can be done."[8]

32. On January 31, 2023, despite not performing an in-person inspection, the Liberty Defendants sent Plaintiff an offer of $762.57 to repair the side panel of his box truck – despite the needed repairs being significantly beyond this – as Plaintiffs box truck was inoperable in its current condition.[9]

33. Defendants knew that Plaintiffs box truck was inoperable and incurring significant storage fees at the body shop.

---

[3] Exhibit C Plaintiff LOR to the Liberty Defendants.
[4] Exhibit D PD Claim Correspondence.
[5] Exhibit D PD Claim Correspondence.
[6] Exhibit D PD Claim Correspondence.
[7] Exhibit D PD Claim Correspondence.
[8] Exhibit D PD Claim Correspondence.
[9] Exhibit E SafeCo Offer Letter.

34. Because the Liberty Defendants failed to provide any additional response, Plaintiff subsequently filed suit on March 8, 2023, setting forth causes of action for negligence and negligent entrustment.

35. On March 17, 2023, Plaintiff, in the interest of getting to a resolution, provided the Liberty Defendants with an extension to answer Plaintiffs complaint until May 12, 2023.[10]

36. Incomprehensibly, after the Liberty Defendants previously offered to settle and after they failed to answer Plaintiffs Complaint, the Liberty Defendants sent Plaintiff a denial letter on September 14, 2023.[11]

37. The Liberty Defendants indicated that Charles Burgess Sr., Charles Burgess Jr., and A.B. were denied coverage. In correspondence with the Liberty Defendants, the Liberty Defendants have indicated that they are refusing to provide coverage because A.B. was driving the vehicle.

38. A.B. is the granddaughter of Charles Burgess Sr. and was granted permission to operate the vehicle on October 19, 2022.

39. Months later, after waiting for a response to Plaintiffs Complaint for nearly a year without any movement, Plaintiff sent the Liberty Defendants a demand on March 21, 2024, indicating that Plaintiff believed that coverage should apply.[12]

40. The Liberty Defendants appeared to grow aggravated by Plaintiffs position that coverage should apply.

---

[10] Exhibit F March 17 Correspondence.
[11] Exhibit G Denial Letter.
[12] Exhibit H Demand to Liberty.

41.   Plaintiffs informed the Liberty Defendants that a cursory google search of A.B.'s Facebook page would show that Charles Burgess Sr. had provided A.B. with the disputed vehicle for personal use.[13]

42.   The Liberty Defendants wrongfully denied coverage to Charles Burgess Sr., Charles Burgess Jr., and A.B.

43.   Upon information and belief, throughout the present dispute, the Liberty Defendants informed Charles Burgess Sr., Charles Burgess Jr., and A.B. that they would take care of things, indicating coverage applied throughout.

44.   If the Liberty Defendants undertook even a minimal investigation, they should and/or would have discovered that coverage should apply.

45.   A default damages hearing was held on April 9, 2024, and formal notice of the hearing was provided to the named Defendants, as well as the Liberty Defendants.

46.   Subsequently, the Court entered an Order of default in the amount of $299,828.20 on May 2, 2024.[14]

47.   Defendants Progressive and Drive (hereinafter "Progressive"), sold to Plaintiff, accepting premiums of $503 and $343, automobile insurance policies, covering uninsured and underinsured coverage to Plaintiffs personal vehicle and Plaintiffs' box truck that was involved in the collision giving rise to this dispute.[15]

48.   The automobile insurance policies were effective and provided coverage to Mr. Harbit pursuant to the enforceable and legal terms thereof on October 19, 2022.

---

[13] Charles E. Burgess Sr., Charles E. Burgess Jr. and A.B. hail from Greelyville, South Carolina which has a population of approximately three hundred eighty-four (384) people.
[14] Exhibit I Default Order.
[15] Exhibit J Progressive Dec Pages.

7

49. Plaintiff called Progressive to report his claim at or near the time of the incident and was told that he should call the at-fault driver's insurance.

50. Plaintiffs' counsel further informed Progressive of a potential claim via a letter of representation on March 18, 2022.[16]

51. Progressive never responded to Plaintiff.

52. On May 16, 2024, following the default damages hearing, Plaintiff again informed Progressive of his claim for damages.[17]

53. On May 30, 2024, Progressive acknowledged Plaintiffs' claim and informed Plaintiff that Progressive would "call back tomorrow" and later requested an inspection of the box truck. Plaintiff referred Progressive to the damage's judgement and informed Progressive of where the truck was being stored.

54. Progressive never responded to Plaintiff.

55. Progressive wrongly denied coverage to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Bad Faith / Breach of the Duty of Good Faith and Fair Dealing as to the Liberty Defendants)**

56. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

57. The Liberty Defendants' actions constitute bad faith in the following particulars, *inter alia*:

   a. excessive delay in responding to a claim for coverage;

   b. unjustified denial of coverage;

   c. failing to provide adequate reasoning on the denial of coverage;

---

[16] Exhibit K LOR to Progressive.
[17] Exhibit L Letter to Progressive.

8

d. effectively rescinding or canceling a policy in order to avoid paying a claim;

e. unreasonably interpreting its insurance policy;

f. interpreting its insurance policy without giving due consideration to extrinsic evidence, allegations, and defenses;

g. acting in a manner that advocates against the interests of its insured and in furtherance of its own financial interests;

h. failing to give due consideration to extrinsic evidence, allegations, and defenses;

i. failing to acknowledge and take appropriate and timely responsive action to a claim under the insurance policy;

j. failing to adopt and implement reasonable standards for the investigation and processing of claims;

k. compelling insured to litigate to recover amounts, rights, and/or coverage due under an insurance policy;

l. failing to promptly provide a reasonable explanation of the basis for the denial of an offer of a compromise settlement;

m. failure to attempt to make a prompt, fair and equitable settlement of claims;

n. violations of Title 38 Chapter 57 of the South Carolina Code of Laws;

o. violations of Title 38 Chapter 59 of the South Carolina Code of Laws;

p. refusing to accept coverage, pay claims, and/or make a reasonable settlement offer without conducting a reasonable investigation; and

q. other particulars as may be developed through discovery.

58. As a result of the Liberty Defendants' wrongful actions, Plaintiff has suffered and continues to suffer and accrue damages including, *inter alia*, expense, anxiety, loss of time, the

ELECTRONICALLY FILED - 2024 Jun 10 2:24 PM - WILLIAMSBURG - COMMON PLEAS - CASE#2024CP4500259

need to unnecessarily retain an attorney at his own expense, and other damages as may be determined in discovery.

59.  Plaintiff is entitled to an award of actual and punitive damages, treble damages, and reasonable attorney's fees.

### FOR A SECOND CAUSE OF ACTION
**(Unfair Trade Practices as to the Liberty Defendants)**

60.  Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

61.  The Liberty Defendants have violated the laws of South Carolina with respect to the Unfair Trade Practices Act in its deliberate deception of Plaintiff in the distribution of its services within South Carolina.

62.  These deceptive practices affect public interests and are repetitive and/or capable of repetition as Plaintiff will develop through the discovery process.

63.  The Liberty Defendants' deceptive and wrongful acts include, *inter alia*, violations of S.C. Code § 38-59-20 in pertinent part:

(1) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies, including third-party claims arising under liability insurance policies.

(2) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims, including third-party liability claims, arising under its policies.

(3) Not attempting in good faith to effect prompt, fair, and equitable settlement of claims, including third-party liability claims, submitted to it in which liability has become reasonably clear.

(4) Compelling policyholders or claimants, including third-party claimants under liability policies, to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants

  or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

(5) Offering to settle claims, including third-party liability claims, for an amount less than the amount otherwise reasonably due or payable based upon the possibility or probability that the policyholder or claimant would be required to incur attorneys' fees to recover the amount reasonably due or payable.

(6) [O]ther practice[s] which constitutes an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims, including third-party liability claims, arising under coverages provided by its policies.

64. As a result of the Liberty Defendants deliberately deceptive and anti-competitive actions, Plaintiff has suffered and continues to suffer and accrue damages including, *inter alia*, expense, anxiety, costs of an attorney, and to have defend himself in the present lawsuit.

65. As a result of the Liberty Defendants' violations of the UTPA, Plaintiff is entitled to an award of actual and punitive damages, treble damages, and reasonable attorney's fees.

### FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract as to the Liberty Defendants)**

66. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

67. The Liberty Defendants have breached their duties under the insurance policy to defend Charles Burgess Sr., Charles Burgess Jr., and A.B. in the underlying lawsuit. The Liberty Defendants have presently not reimbursed Defendant for past expenses and its conduct jeopardizes Plaintiffs' rights.

68. The Liberty Defendants have failed to conduct a reasonable investigation of coverage and to reasonably consider extrinsic evidence as well as the pleadings in the underlying lawsuit.

69. As a result of the Liberty Defendants' breaches of contract, Defendant is entitled to an award of actual and consequential damages including attorney's fees.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract as to Welch)

70. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

71. Welch failed to properly obtain coverage for Charles Burgess Sr.

72. Welch has breached its duties under the insurance policy to obtain coverage to defend Charles Burgess Sr., Charles Burgess Jr., and A.B. in the underlying lawsuit. Welch has presently not reimbursed Defendant for past expenses and its conduct jeopardizes Plaintiffs' rights.

73. Welch has failed to conduct a reasonable investigation of coverage and to reasonably consider extrinsic evidence as well as the pleadings in the underlying lawsuit.

74. As a result of Welch's breaches of contract, Defendant is entitled to an award of actual and consequential damages including attorney's fees.

## FOR A SIXTH CAUSE OF ACTION
### (Negligence, Gross Negligence, Recklessness as to Welch)

75. The above allegations are hereby realleged as if stated herein verbatim.

76. At all times Defendant owed Plaintiff a duty of care to act reasonably as a broker of insurance in South Carolina to procure appropriate coverage for insureds, including Charles Burgess Sr., Charles Burgess Jr., and A.B.

77. Defendant breached his duty of care owed to Plaintiff and Charles Burgess Sr., Charles Burgess Jr., and A.B. in the following particulars:

  a. Failing to properly obtain and/or procure insurance coverage;

  b. Failing to communicate the coverage of applicable policies;

12

    c. Failing to expend amounts reasonably owed under the terms of the insurance policy;

    d. Failing to use reasonable or due care at all times alluded herein; and

    e. In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

All of which acts and omission, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

78. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Welch, Plaintiff suffered significant damages.

79. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Welch, as set out above, as well as his violation of state law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

### FOR A SEVENTH CAUSE OF ACTION
**(Unjust Enrichment as to the Liberty Defendants and Welch)**

80. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

81. The Liberty Defendants and Welch have profited by wrongfully accepting Charles Burgess Sr.'s insurance premiums and failing to expend amounts reasonably owed under the terms of the insurance policy and/or to properly obtain coverage.

82. The Liberty Defendants and Welch's actions prejudiced Plaintiffs' rights and caused him to incur expenses due to the Liberty Defendants and Welch's unjustified actions.

83. As a result of the Liberty Defendants and Welch's actions, Plaintiff is entitled to an award of actual and consequential damages including attorney's fees.

### FOR A EIGHTH CAUSE OF ACTION
**(Declaratory Judgment: The Liberty Defendants have a Duty to Defend)**

84. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

85. The insurance policy requires the Liberty Defendants to defend and indemnify Charles Burgess Sr., Charles Burgess Jr., and A.B. for claims for damages because of bodily injury resulting from occurrences.

86. Plaintiffs' claim is an occurrence under the terms of the insurance policy.

87. There is no admission by Plaintiff or finding of fact in the underlying case which has determined that any exclusion applies to the Plaintiffs claim.

88. The Liberty Defendants were obligated to defend Charles Burgess Sr., Charles Burgess Jr., and A.B. in the underlying lawsuit and its duty to investigate is not limited to the pleadings but involves due consideration of extrinsic evidence.

89. The Liberty Defendants are not permitted to act as a finder of fact in the underlying lawsuit in order to determine coverage issues in its favor.

90. As a result of the Liberty Defendants' actions, Plaintiff is entitled to an award for reimbursement of all legal expenses incurred due to the Liberty Defendants' wrongful conduct.

**FOR A NINTH CAUSE OF ACTION**
**(Bad Faith / Breach of the Duty of Good Faith and Fair Dealing as to Progressive)**

91. Plaintiff reasserts and realleges every prior paragraph, where relevant, as if fully set forth herein.

92. Progressives' actions constitute bad faith in the following particulars, *inter alia*:

    a. excessive delay in responding to a claim for coverage;

    b. unjustified denial of coverage;

    c. failing to provide adequate reasoning on the denial of coverage;

d. acting in a manner that advocates against the interests of its insured and in furtherance of its own financial interests;

e. failing to give due consideration to extrinsic evidence, allegations, and defenses;

f. failing to acknowledge and take appropriate and timely responsive action to a claim under the insurance policy;

g. failing to adopt and implement reasonable standards for the investigation and processing of claims;

h. compelling insured to litigate to recover amounts, rights, and/or coverage due under an insurance policy;

i. failing to promptly provide a reasonable explanation of the basis for the denial of an offer of a compromise settlement;

j. failure to attempt to make a prompt, fair and equitable settlement of claims;

k. violations of Title 38 Chapter 57 of the South Carolina Code of Laws;

l. violations of Title 38 Chapter 59 of the South Carolina Code of Laws;

m. refusing to accept coverage, pay claims, and/or make a reasonable settlement offer without conducting a reasonable investigation; and

n. other particulars as may be developed through discovery.

93. As a result of Progressive's wrongful actions, Plaintiff has suffered and continues to suffer and accrue damages including, *inter alia*, expense, anxiety, loss of time, the need to unnecessarily retain an attorney at his own expense, and other damages as may be determined in discovery.

94. Plaintiff is entitled to an award of actual and punitive damages, treble damages, and reasonable attorney's fees.

95. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

ii. A declaration that the Liberty Defendants owed Charles E. Burgess Sr., Charles E. Burgess Jr. and Charles E. Burgess Jr., as Parent and Natural Guardian of A.B. a duty to defend and indemnify them in the underlying lawsuit and breached this duty;

iii. For the relief requested herein as to all Defendants to include actual damages, punitive damages, consequential damages, treble damages, and attorneys' fees; and

iv. For such other and further relief as this court deems just and proper.

**PIERCE, SLOAN, KENNEDY & EARLY, LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/ Carl E. Pierce II*
Carl E. Pierce, II (S.C. Bar No. 7946)
Carl E. Pierce, III (S.C. Bar No. 104229)
Breyton J. Briggs (S.C. Bar No. 106575)
carlpierce@piercesloan.com
treypierce@piercesloan.com
breytonbriggs@piercesloan.com

AND

*s/Ronnie A.Sabb*
Ronnie A. Sabb (S.C. Bar No. 9814)
**Law Offices of Ronnie A. Sabb, LLC**
108 West Main Street
P.O. Box 88
Kingstree, SC 29556

*Attorneys for the Plaintiff*

June 10, 2024
Charleston, South Carolina